UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERYL A. DELMOTTE,

    Plaintiff,

v.                                      Case No: 2:13-cv-755-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

OPINION AND ORDER

    Plaintiff Cheryl A. Delmotte appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"), and supplemental security income ("SSI"). As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

I.     Issues on Appeal

    There are four inter-related issues on appeal; specifically, whether substantial evidence supports the ALJ's: (1) decision to accord reduced weight to the opinion of one of Plaintiff's treating physicians; (2) mental residual functional capacity determination; (3) determination that Plaintiff's testimony and reports were not entirely credible; and (4) hypothetical posed to the vocational expert.

II.     Procedural History and Summary of the ALJs' Decisions

    On July 12, 2010, Plaintiff filed applications for a period of disability, DIB and

SSI alleging she became disabled and unable to work on September 15, 2009.  Doc. 28 at 2.  The Social Security Administration ("SSA") denied her claim initially on August 23, 2010 and upon reconsideration on December 22, 2010.  Tr. 67-68; Tr. 69-70.  Plaintiff then requested and received a hearing before ALJ Arline Colon on May 9, 2012, during which she was represented by an attorney.  Tr. 92-95.  Plaintiff and VE Stephanie G. Barnes testified at the hearing.  Tr. 35-58.

On June 13, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim.  Tr. 20-29.  The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2009, the date of last insured.  Tr. 22.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 15, 2009, the alleged onset date.  *Id.*  At step two, the ALJ determined that Plaintiff had the following severe impairments: disorders of the spine, adjustment disorder with depression and anxiety, and generalized anxiety disorder.  *Id.*  At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 23.  In doing so, the ALJ explicitly considered whether the medical evidence satisfied the criteria of Listings 1.00 et seq. (Musculoskeletal System) and 12.00 et seq. (Mental Disorders) and concluded that it did not.  *Id.*  The ALJ further determined that no acceptable medical source included findings equivalent in severity to the criteria of any listed impairment, individually or in combination.  *Id.*; 20 C.F.R. pt. 404, subpt. P, app. 1.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff had the RFC to perform light work as defined in the regulations, except that she only occasionally could climb ladders, ropes and scaffolds and reach overhead bilaterally, and retained the ability to perform unskilled work. Tr. 24. The ALJ also found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the ALJ's RFC determination. Tr. 25.

The ALJ then found that Plaintiff could not perform her past relevant work as a pipeline installer (DOT 862.648-014). Tr. 27. The ALJ considered Plaintiff's age, education, work experience and RFC, and the VE's testimony, and determined that Plaintiff could perform the requirements of such representative light, unskilled occupations as office helper (DOT 239.597-010), with 491,000 jobs in the national economy; small products assembler (DOT 706.684-022), with 648,000 jobs nationally; and produce and food product sorter (DOT 529.687-186), with 109,000 jobs nationally. Tr. 28. Thus, because the ALJ determined that Plaintiff was capable of performing other work that exists in significant numbers in the national economy, the ALJ found that Plaintiff is not disabled and denied her claim. Tr. 29.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on August 28, 2013. Tr. 1-9, 15. Accordingly,

the ALJ's June 13, 2012 decision is the final decision of the Commissioner. Plaintiff then filed an appeal in this Court on October 23, 2013. Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would

accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV. Discussion

A. *The weight accorded Dr. Riegel's opinion*

Plaintiff's first argument relates to the ALJ's decision to accord "little, if any weight" to the opinion of Dr. Riegel, one of Plaintiff's treating physicians. Tr. 26. Plaintiff argues that the ALJ's proffered reasons for assigning reduced weight to Dr. Riegel's opinion are not supported by substantial evidence, largely because the ALJ attributed Plaintiff's October 8, 2010 examination to Dr. Riegel, when in fact the examination was conducted by Dr. Bethel. Plaintiff contends that such error is significant, because Dr. Riegel "has consistently indicated his support of her claim for

benefits and his opinion that she is 'permanently and totally disabled.'" Doc. 24 at 14. Dr. Bethel, however, noted that Plaintiff was seeking social security disability, but stated "I do not support her pursuit as her entire picture and case does not really support this." Tr. 341. Thus, Plaintiff contends that by attributing Dr. Bethel's opinion to Dr. Riegel, and according reduced weight to Dr. Riegel's opinion based on what the ALJ believed to be his inconsistent opinions, the ALJ's findings are based on an erroneous reading of the record and cannot be sustained. Doc. 24 at 15. The Commissioner concedes that the ALJ incorrectly attributed Dr. Bethel's opinion to Dr. Riegel, but argues that the error was harmless because the ALJ determined that Dr. Riegel's opinion is inconsistent with other record evidence, which is sufficient to satisfy the ALJ's burden to explain the reasons for assigning reduced weight to Dr. Riegel's opinion. Doc. 27 at 17. The Court agrees with the Commissioner.

Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. § 404.1527(c)(2)-(6). Opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." 20 C.F.R. § 404.1527(c)(2). If the opinion of a treating physician as to the nature and

severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight. *Id.*

By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, she must clearly articulate the reasons for doing so. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as he demonstrates good cause to reject the opinion. *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Castle v. Colvin*, 557 Fed. Appx. 849, 854 (11th Cir. 2014) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Green v. Soc. Sec. Admin.*, 223 Fed. Appx. 915, 922 (11th Cir. 2007) ("Good cause to discount a treating physician may arise where a report 'is not accompanied by objective medical evidence or is wholly conclusory.'") (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam)). "The ALJ may also devaluate the opinion of a treating physician where the opinion is contradicted by objective medical evidence." *Green*, 223 Fed. Appx. at 922.

Upon review, the Court finds the ALJ properly determined that Dr. Riegel's opinion is inconsistent with the other record evidence and, under the regulations, the

ALJ therefore could afford it less weight. 20 C.F.R. § 104.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); *see also* 20 C.F.R. § 104.1527(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported . . . and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."); 20 C.F.R. § 104.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

The ALJ discussed evidence from various medical sources, including Plaintiff's treating physicians and state agency examiners, as well as Plaintiff's activities of daily living and course of treatment, to support her finding that Dr. Riegel's opinion is inconsistent with other substantial evidence in the record. Tr. 26-27. *See* 20 C.F.R. §§ 404.1527(c)(3), (4); *see also Magill v. Comm'r of Soc. Sec.*, 147 Fed. Appx. 92, 94 (11th Cir. 2005) ("[A]n ALJ need not give a treating physician's opinion considerable weight if the applicant's own testimony regarding her daily activities contradicts that opinion." (citing *Phillips v. Barnhart*, 357 F.3d at 1241)). Specifically, the ALJ explained that she gave reduced weight to Dr. Riegel's opinion because it did not "appear to reflect the doctor's true assessment." Tr. 26. Although the ALJ improperly attributed Dr. Bethel's opinion to Dr. Riegel,[1] the ALJ further

---

[1] As Defendant notes in its memorandum, the opinion of Dr. Bethel that the ALJ attributed to Dr. Riegel was printed on "Bram Riegel, M.D." letterhead and both Dr. Riegel

identified additional evidence with which Dr. Riegel's opinions that Plaintiff is disabled are inconsistent, such as the opinion of another of Plaintiff's treating physicians, Dr. Robertson. Dr. Robertson noted that he did not support Plaintiff's application for disability because he believed she was capable of working and, in fact, believed that Plaintiff continued to work in a restaurant and work out while receiving treatment. *Id.* Dr. Robertson even referred to Plaintiff's application for disability as a "fraudulent activity" and believed it was "reprehensible" that Plaintiff would apply for benefits. Tr. 269. The ALJ also discussed that Plaintiff received only routine or conservative treatment for her impairments, and continually had relatively normal examination findings. Tr. 26-27. The ALJ also assigned "significant weight" to the opinion of the state agency examiner, Dr. Bettye Stanley, who determined that Plaintiff was capable of performing light work with limitations, but nevertheless extended Plaintiff "the benefit of the doubt" and found Plaintiff was more limited than Dr. Stanley suggested. Tr. 27; *see* Tr. 299-306. The ALJ therefore properly considered Dr. Riegel's opinions in accordance with the controlling law and regulations and determined they were entitled to reduced weight. Accordingly, the ALJ's decision is supported by substantial evidence.

Finally, to the extent that Dr. Riegel opined that Plaintiff is disabled, "treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance." 20 C.F.R. § 404.1527(d)(3); SSR 96-5p. Although such opinions of a treating source "must never be ignored," the ALJ

---

and Dr. Bethel's names appear following the material quoted by the ALJ. *See* Tr. 280-81.

considered Dr. Riegel's opinions and explained the consideration they were given. SSR 96-5p. The ALJ therefore properly considered the relevant factors and evidence and determined that Dr. Riegel's opinions were not entitled to controlling weight; substantial evidence supports the ALJ's decision.[2]

### B. *Plaintiff's mental RFC determination*

The ALJ determined that Plaintiff was limited to performing only unskilled work. Plaintiff contends that the ALJ erred by failing to adequately address Plaintiff's limitations as to concentration, persistence or pace. Doc. 24 at 16.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). Here, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals

---

[2] Plaintiff also suggests that the ALJ erred in determining that Plaintiff is not disabled because she may meet Listing 1.04A. Doc. 24 at 16. 20 C.F.R. § 404.1520(d) requires finding that a claimant is disabled if her impairment is listed in Subpart P, Appendix 1. *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988). The medical criteria of the listings are more stringent than the statutory standard, because the listings operate as a presumption of disabilities that would prevent a claimant from doing any substantial gainful activity regardless of her age, education or work experience. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). For a claimant to show that her impairment equals a listing, her impairment must meet all of the specified medical criteria; an impairment that meets only some of the criteria does not qualify, regardless of the severity. *Id.* at 530. Nor can a claimant qualify for benefits merely by showing that her overall functional limitation is equally as severe as a listed impairment; instead, "[s]he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Id.* at 531; *Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). The ALJ determined that Plaintiff made no such showing here. Tr. 23.

the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. Therefore, the ALJ proceeded to assess and make a finding regarding Plaintiff's RFC.

The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.*; *see* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)). Provided the ALJ considers all of the evidence, he is not required to specifically and explicitly set forth his findings on a "function-by-function basis" concerning a claimant's functional limitations and work-related abilities. *Freeman v. Barnhart*, 220 Fed. Appx. 957, 959-60 (11th Cir. 2007).

In her decision, the ALJ found that Plaintiff retained the ability to perform unskilled work. Tr. 24. In doing so, she noted that "the record reflects no actual mental health treatment at times relevant" to the ALJ's decision, and that Plaintiff had generally normal examination findings as to her mental status. Tr. 27. The

ALJ stated that although the record revealed "little, if any, evidence of significantly decreased social or cognitive functioning," she nevertheless "extended the claimant the benefit of the doubt" and included the limitation to unskilled work, which therefore excluded detailed instructions or work. *Id.*

Plaintiff correctly asserts that Dr. Giardina found that Plaintiff had moderate limitations in the areas of concentration, persistence and pace; particularly, that she has difficulty remembering detailed instructions, carrying out simple/detailed instructions, and sustaining concentration or pace, but then stated that Plaintiff was otherwise capable of performing simple, routine work. Tr. 317. Accordingly, the ALJ determined that Plaintiff has moderate limitation in this area. Tr. 24. While it is true that an ALJ generally cannot sufficiently account for a claimant's moderate limitation in concentration merely by limiting the claimant to simple, routine tasks or unskilled work, the Eleventh Circuit has explained that such a limitation may be sufficient when supported by the medical evidence:

> [W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work activity sufficiently accounts for such limitations.

*Winschel*, 631 F.3d at 1180.

Unlike *Winschel*, in which the Eleventh Circuit noted that the ALJ did not indicate that other medical evidence suggested the claimant's ability to work was unaffected by the limitation in concentration, here Dr. Giardina noted that Plaintiff was moderately limited in her ability to concentrate, but also expressly stated that

she still is capable of performing simple, routine work. Tr. 317. The ALJ credited Dr. Giardina's opinion and further noted that, on examination, Plaintiff "exhibited organized and logical thought processes and intact memory." Tr. 24. Because the ALJ referenced other evidence that indicated Plaintiff was capable of performing simple work despite her limitation in concentration, and credited Dr. Giardina's opinion that Plaintiff still can perform simple, routine work, the ALJ's limitation to unskilled work in her hypothetical to the VE adequately accounted for Plaintiff's limitation in the area of concentration. *Winschel*, 631 F.3d at 1180.

### C. *Plaintiff's credibility*

Plaintiff next contends that the ALJ erred in determining that her statements as to the intensity, persistence and limiting effects of her symptoms were not fully credible. Doc. 24 at 16. The regulations require the ALJ to consider specific factors when making credibility determinations. Those factors include the claimant's daily activities; the location, duration, frequency and intensity of pain and other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of any medications; treatment other than medication; and any other measures to reduce pain or other symptoms. 20 C.F.R. § 404.1529(c)(3).

SSR 96-7p further explains the process by which a claimant's credibility must be evaluated:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the

> symptoms and how they affect the individual, and any other relevant evidence in the case record.

A claimant's statements as to the intensity and persistence of pain or other symptoms, or how they affect her ability to work, may not be disregarded simply because they are not supported by objective medical evidence; instead, the ALJ must state specific reasons for his credibility determination and the weight given to subjective statements, which must be supported by the record. 20 C.F.R. § 404.1529(c)(4) (subjective complaints are evaluated in relation to other evidence); SSR 96-7p; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.").

Here, the ALJ stated that Plaintiff's responses during the hearing left the impression that Plaintiff "may have been less than entirely candid," because she initially under-reported her employment and income information, as well as that she received an annuity payment from a motor vehicle accident and tested positive for marijuana. Tr. 25-26. The ALJ also observed various physicians' treatment notes suggesting that Plaintiff "may be less than fully sincere in her efforts to obtain disability benefits." Tr. 26. The ALJ cited Dr. Robertson, one of Plaintiff's treating physicians, who noted that Plaintiff "was working in a restaurant and working out during treatment" and "continued to be very physically active." Tr. 26. As noted, Dr. Robertson opined that "it is reprehensible that this person would apply for disability under these circumstances." *Id.*; Tr. 269. The ALJ also cited Dr. Bethel's opinion that the circumstances of Plaintiff's case did not support an application for

disability. *Id.* The ALJ further noted that "if the claimant were to be believed as to her allegations of an entirely sedentary, bedridden, lifestyle since the alleged onset date, one would ordinarily expect to see at least some diminished muscle strength or muscle atrophy." Tr. 27. The ALJ noted that Plaintiff "described activities of daily living restrictions so extreme as to appear implausible." *Id.*

The ALJ also stated that Plaintiff "elected to pursue essentially routine/conservative care, despite her complaints of such extreme limitations" and declined surgical intervention." Tr. 27. "A doctor's conservative medical treatment for a particular condition tends to negate a claim of disability," and the failure to seek treatment also is relevant in assessing credibility. *Sheldon v. Astrue*, 268 Fed. Appx. 871, 872 (11th Cir. 2008). Moreover, upon receiving medication, Plaintiff was able to increase her functioning. Tr. 27; *see Crow v. Comm'r of Soc. Sec.*, --- Fed. Appx. ---, 2014 WL 3035602, at *6 (11th Cir. July 7, 2014) ("Given Crow's quick and sustained improvement using prednisone, and daily activity that indicated a greater capacity for work than alleged, the ALJ made a clearly articulated credibility finding that was supported by substantial evidence.").[3]

---

[3] Plaintiff also contends that the ALJ should not have relied on the fact that she only received conservative or routine care to find her statements about the limiting effects of her impairments less than credible, because she could not afford other treatment. Doc. 24 at 23. A review of the record suggests that this is not a case in which other, more rigorous courses of treatment were recommended but with which Plaintiff did not comply; instead, other than one record of Dr. Riegel, to whose opinions the ALJ assigned reduced weight, the record does not reveal recommendations of surgery or other more serious or complex courses of treatment. *See* Tr. 248 (June 18, 2010 notation by Dr. Riegel that "[t]he patient *may* require cervical surgery." (emphasis added)). Courts have held that the ALJ's credibility determination was not "inextricably tied" to a plaintiff's noncompliance with prescribed treatment courses, or failure to pursue other treatments, where the plaintiff's pursuit of routine/conservative treatment only was one of multiple reasons for finding that the plaintiff's subjective

Ultimately, the ALJ concluded that Plaintiff's "subjective complaints and alleged limitations are not fully persuasive and that she retains the capacity to perform work activities with the limitations" set forth in the opinion. *Id.* The ALJ's reasons for finding a plaintiff not entirely credible "do not have to be compelling or persuasive, simply adequate," *Parker v. Colvin*, No. 8:12-cv-1919-T-24-TGW, 2013 WL 3209443, *9 (M.D. Fla. June 24, 2013) (citing *Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989)), and a reviewing court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Foote*, 67 F.3d at 1562. That is particularly so because the ALJ "is the only person in the review chain that actually sees and hears the plaintiff." *Parker*, 2013 WL 3209443, *9. Here, the ALJ properly considered the relevant factors when determining that Plaintiff's statements were not fully credible and articulated specific reasons for doing so. The ALJ's decision therefore is supported by substantial evidence.

### D. The ALJ's hypothetical to the VE

Plaintiff's final argument stands or falls on whether the ALJ properly determined her RFC. She contends that because the hypothetical question posed to the VE did not include Plaintiff's moderate limitation in concentration, the ALJ erred in her reliance on the VE's testimony to find that Plaintiff could perform other work in the national economy. Doc. 24 at 19. Because the Court has determined that the

---

complaints were not entirely credible. *See, e.g.*, *Irwin v. Colvin*, No. 8:12-cv-1025-T-23MAP, 2013 WL 4804722, *6 (M.D. Fla. Sept. 9, 2013).

ALJ did not err in making her RFC determination and substantial evidence supports the ALJ's RFC finding, Plaintiff's argument fails.

While it is true that the hypothetical question posed to a vocational expert must include all of a claimant's limitations, *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), the ALJ was not required to explicitly include findings in the hypothetical that she had implicitly accounted for by limiting Plaintiff to unskilled work where, as here, the medical evidence supports the plaintiff's ability to perform unskilled work despite her limitations in concentration, persistence, or pace. *Winschel*, 631 F.3d at 1180; *Jarrett v. Comm'r of Soc. Sec.*, 422 Fed. Appx. 869, 872 (11th Cir. 2011); *Forrester v. Comm'r of Soc. Sec.*, 455 Fed. Appx. 899, 903 (11th Cir. 2012)

## V. Conclusion

Credibility determinations, resolving conflicts in the evidence and drawing inferences therefrom are functions of the Commissioner, not the Court. *Parker*, 2013 WL 3209443, *2 (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971) and *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963)). Instead, the Court's role is limited to determining whether the ALJ's decision is supported by substantial evidence. After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence. Accordingly, it is

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

      2.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

      3.      The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of February, 2015.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record